IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

v.                                                     No. 16-CV-0426-MCA-LAM
                                                       No. 07-CR-00378-MCA

**RAYMOND ELOY SEDILLO,**

    Defendant/Movant.

**ORDER DENYING MOTION TO WITHDRAW
AS COUNSEL FOR DEFENDANT**

**THIS MATTER** is before the Court on the ***Motion to Withdraw As Counsel For Defendant*** *(CV Doc. 9; CR Doc. 97)*, filed by Assistant Federal Public Defender Margaret A. Katze. As grounds for the motion, Attorney Katze submits that "defendant, Raymond Eloy Sedillo, is representing himself and addressing the Court pro se." [*CV Doc. 9; CR Doc. 97*]. The Court **FINDS** that Attorney Katze's motion fails to comply with the Local Civil Rules of the United States District Court for the District of New Mexico and, therefore, shall be **DENIED**.

Local Rule 83.8 provides different requirements for the filing of a motion to withdraw, depending on whether the motion is unopposed or contested. *See* D.N.M.LR-Civ. 83.8. Specifically, Local Rule 83.8 provides as follows:

> **(a)  Unopposed Motion to Withdraw.** The motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and:
>
> - notice of appointment of substitute attorney; or

- a statement of the client's intention to appear pro se and the client's address and telephone number; or

- if the client is a corporation, partnership or business entity other than a natural person, the client's address and telephone number.

**(b)** **Contested Motion to Withdraw.** The attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consents to grant the motion.

D.N.M. LR-Civ. 83.8(a), (b). Attorney Katze's Motion to Withdraw fails to indicate whether the motion is unopposed or contested, in violation of Local Rule 83.8, as well as Local Rule 7.1(a). *See* D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). If the motion is unopposed, it fails to "indicate consent of the client represented by the withdrawing attorney" and "a statement of the client's intention to appear pro se and the client's address and telephone number." D.N.M.LR-Civ. 83.8(a). If the motion is contested, it fails to indicate that the motion was "file[d] and serve[d] on all parties, **including the client**."[1] D.N.M.LR-Civ. 83.8(b) (emphasis added). Additionally, the motion fails to give notice that "objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within the time constitutes consent to grant the motion." D.N.M.LR-Civ. 83.8(b). Therefore, Attorney Katze's Motion to Withdraw As Counsel For Defendant will be denied.

---

[1] Although Attorney Katze's motion states that Assistant U.S. Attorney Paul Mysliwiec was served electronically through the CM/ECF system, there is no indication that the motion was mailed via the United States postal service to her client, Mr. Sedillo.

**IT IS THEREFORE ORDERED** that the *Motion to Withdraw As Counsel For Defendant (CV Doc. 9; CR Doc. 97)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**