**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                No. 16-CV-00426-MCA-LAM
                                          No. 07-CR-00378-MCA

RAYMOND ELOY SEDILLO,

     Defendant.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Raymond Eloy Sedillo's § 2255 motion, filed on June 29, 2016, and Motion In Response To Government's Order To Show Cause, filed on October 31, 2016.   [CV Docs. 5, 10; CR Docs. 94, 98]   Defendant is incarcerated and proceeding pro se.   For the following reasons, the Court concludes that Defendant's Motion In Response To Government's Order To Show Cause complies with the prisoner mailbox rule and, therefore, finds that Defendant's § 2255 motion was timely filed on June 21, 2016.   The Court further concludes that Defendant plainly is not entitled to relief on his § 2255 motion because Defendant's prior New Mexico convictions for residential burglary and aggravated battery with a deadly weapon qualify as violent felonies under § 924(e)(2)(B), without reference to the residual clause invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   Therefore, Defendant's § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

I.      **BACKGROUND**

Defendant was charged, in a Superseding Indictment, with:   Counts 1 and 8 – felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e); Counts 2 and 9 – possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C); Count 3 – possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); Count 4 – attempted interference with commerce by threats or violence in violation of 18 U.S.C. § 1951; Counts 5, 6, and 7 – discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and Count 10 – possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).   [CR Doc. 14]   In particular, with respect to Count 8 of the Superseding Indictment, Defendant was charged as follows:

> On or about April 3, 2003, in Bernalillo County, District of New Mexico, the defendant **RAYMOND ELOY SEDILLO aka Rey Sedillo**, having been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically:   (1) Residential Burglary, Second Judicial District, State of New Mexico, Criminal Cause 82-34842; (2) Receiving a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause 84-36922; (3) Residential Burglary, Larceny (over $100), and Conspiracy to Commit Larceny (over $100), Second Judicial District Court, State of New Mexico, Criminal Cause 84-37644; (4) Escape from Inmate Release Program, Thirteenth Judicial District Court, State of New Mexico, Cause VA-85-21-CR; (5) Aggravated Battery (Deadly Weapon), Second Judicial District Court, State of New Mexico, Criminal Cause 90-01844; (6) Auto Burglary, Second Judicial District Court, State of New Mexico, Criminal Cause 96-1523; (7) Receiving or Transferring a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause CR 96-02189; and (8) Receiving or Transferring a Stolen Vehicle, Second Judicial District court, State of New Mexico, Criminal Cause CR 97-02894, did knowingly possess in and affecting commerce a firearm, specifically, a Taurus .45 ACP Revolver, serial

2

number VH970768, five rounds of Speer .45 caliber ammunition, and seven rounds of Winchester S&W .40 caliber ammunition.

In violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

[CR Doc. 14 at 5]

Defendant and the Government entered into a plea agreement, in which Defendant agreed to plead guilty to Count 8 of the Superseding Indictment—felon in possession of a firearm (Armed Career Criminal) in violation of 18 U.S.C. §§ 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and Defendant and the Government agreed, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that "a sentence of imprisonment for a period of 180 months (15 years) is the appropriate disposition of this case and shall be the sentence imposed." [CR Doc. 43 at 37] Defendant admitted to the factual basis for his plea, including the fact that he already had been convicted of the following felony offenses:

(1) Residential Burglary, Second Judicial District Court, State of New Mexico, Criminal Cause 82-34842; (2) Receiving a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause 84-36922; (3) Residential Burglary, Larceny (over $100), and Conspiracy to Commit Larceny (over $100), Second Judicial District Court, State of New Mexico, Criminal Cause 84-37644; (4) Escape from Inmate Release Program, Aggravated Battery (Deadly Weapon), Second Judicial District Court, State of New Mexico, Criminal Cause 90-01844; (6) Auto Burglary, Second Judicial District Court, State of New Mexico, Criminal Cause 96-1523; (7) Receiving or Transferring a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause CR 96-02189; and (8) Receiving or Transferring a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause CR 97-02894.

[CR Doc. 43 at 4]

The Probation Office prepared a Presentence Investigation Report (PSR), which determined that Defendant was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), because

of the following three prior violent felony convictions:

> 1)   On February 17, 1984, the defendant was convicted of Count 1: Residential Burglary (Felony); Count 2, Larceny (Over $100) (Felony); and Count 3, Conspiracy (To Commit Larceny) (Felony), in the Second Judicial District Court, Albuquerque, New Mexico, Case No. CR-1983-37644.   Count 1 is a second degree felony, with a penalty of nine years imprisonment.

> 2)   On July 29, 1985, the defendant was convicted of Escape from an Inmate Release Program, in the Thirteenth Judicial District Court, Los Lunas, New Mexico, Case Number VA-85-21.   This offense is a fourth degree felony with a penalty of eighteen months imprisonment.

> 3)   On March 1, 1991, the defendant was convicted of Aggravated Battery with a Deadly Weapon, in the Second Judicial District Court, Albuquerque, New Mexico, Case Number CR-1990-01844. This offense is a third degree felony, with a penalty of three years imprisonment.

[PSR at 12]   Because Defendant was an Armed Career Criminal, his offense level was determined to be 34 under the United States Sentencing Guidelines (U.S.S.G.), § 4B1.4.   Defendant received a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 31.   [PSR at 12]   Based on Defendant's criminal history points, the PSR determined that Defendant was in criminal history category VI.   [PSR at 32]   A total offense level of 31 and a criminal history category of VI resulted in a guideline imprisonment range of 188 to 235 months.   [PSR at 40]

On June 24, 2008, the Court accepted Defendant's guilty plea, accepted the plea agreement, and adopted the findings in the PSR.   [CR Doc. 58]   Consistent with the 11(c)(1)(C) plea agreement, the Court sentenced Defendant to a term of 180 months imprisonment, to run consecutively to the sentences imposed in the Second Judicial District Court, County of Bernalillo, Albuquerque, New Mexico, Case Numbers CR-2002-02283, CR-2003-01104; and

CR-2004-02924.   [CR Doc. 59]   The Court rendered judgment on Defendant's conviction and sentence on June 28, 2008.   [CR Doc. 59]   Defendant did not file a notice of appeal.

On April 3, 2009, Defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [CR Doc. 63], followed by an Amended § 2255 Motion on April 22, 2009 [CR Doc. 65].   On March 9, 2010, the Court denied Defendant's § 2255 claims as meritless, entered final judgment, and denied a certificate of appealability.   [CR Docs. 83, 84, 85]

On March 29, 2016, Defendant filed a letter requesting the appointment of counsel, because he believed he "may be entitled to relief under the *Johnson* Residual Clause, based on the priors used to enhance [his] sentence by 5 years."   [CV Doc. 1; CR Doc. 88]   Attorney Margaret A. Katze, Assistant Federal Public Defender, was appointed to represent Defendant in accordance with the Administrative Order In the Matter of: Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004-19 (Doc. 19) (D.N.M. March 25, 2016).

On May 18, 2016, Defendant's counsel, Attorney Katze, filed in the United States Court of Appeals for the Tenth Circuit an Application To File Second Petition Pursuant to 28 U.S.C. § 2255, alleging that the enhancement of Defendant's sentence under the ACCA was unconstitutional in light of *Johnson*.   *See In re: Sedillo*, No. 16-2097, Doc. 01019622798 (10th Cir. May 18, 2016).   On May 23, 2016, the Tenth Circuit granted Defendant's request for "authorization to file a second or successive § 2255 motion in the district court to raise a claim based on *Johnson v. United States*."   [CV Doc. 3; CR Doc. 91]

On June 29, 2016, the Tenth Circuit docketed a pro se Application For Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255 filed by Defendant, which was dated

June 21, 2016.  [CV Doc. 5; CR Doc. 94]   The Tenth Circuit noted that Defendant already had

been granted authorization to file a second or successive § 2255 motion asserting a claim for relief

under *Johnson*, but that "[i]t does not appear . . . that Sedillo has filed a § 2255 motion in the

district court since [the] grant of authorization."   [CV Doc. 5-1; CR Doc. 93]   The Court held that

Defendant's "pro se motion for authorization [was] duplicative and unnecessary," but directed the

Clerk of the Court to:

> transfer Sedillo's pro se authorized successive § 2255
> motion—specifically, his filings docketed in this case on June 29,
> 2016, and July 19, 2016—to the district court for the District of New
> Mexico.   The filing date for the authorized § 2255 motion is the
> earlier of 1) the date Sedillo's pro se motion for authorization was
> filed in this court, or 2) the date his pro se motion for authorization
> was delivered to prison authorities for mailing, if the district court
> determines that Sedillo is entitled to the benefit of the prison
> mailbox rule, *see Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th
> Cir. 2005); Fed. R. App. P. 25(a)(2)(C).

[CV Doc. 5-1; CR Doc. 93]   On September 22, 2016, Defendant, proceeding pro se,

supplemented his § 2255 motion with documents previously requested by the Tenth Circuit. [CV

Doc. 7; CR Doc. 95]

In a Memorandum Opinion and Order to Show Cause filed on September 29, 2016, this

Court granted Defendant authorization to file a pro se § 2255 motion, ordered Attorney Margaret

A. Katze to file a status update regarding her representation of Defendant, determined that

Defendant was not entitled to the benefit of the prison mailbox rule, and ordered Defendant to

show cause why his § 2255 motion should not be dismissed as untimely under 28 U.S.C. §

2255(f)(3).   [CV Doc. 8; CR Doc. 96]   On November 8, 2016, Attorney Katze filed a Sealed

Unopposed Motion To Withdraw as Counsel for Defendant And Status Update, which the Court

granted.   [CV Docs. 12, 17; CR Doc. 100, 104]   Therefore, Defendant is proceeding pro se on his

§ 2255 motion.

On October 31, 2016, Defendant filed a pro se Motion In Response To Government's

Order To Show Cause, in which Defendant attested, under penalty of perjury, that he "filed [his §]

2255 motion on June 21, 2016 at the USP Coleman mailroom at main-line (lunch hour)" by

"personally hand deliver[ing] the documents and requested priority 1st class mail."   [CV Doc. 10;

CR Doc. 98]   Defendant further attested that he "paid the postage required by the mailroom

officer and marked the package 'legal mail.'"   [CV Doc. 10; CR Doc. 98]   Based on the

foregoing, Defendant requests an extension of the one-year deadline to file a timely § 2255 motion

seeking relief under *Johnson*.

## II.   DISCUSSION

The Court first will address whether Defendant's § 2255 motion was timely filed under the

prison mailbox rule and then will consider whether the enhancement of Defendant's sentence

under the ACCA is invalid in light of *Johnson*.

## A.   Whether Defendant's § 2255 Motion Was Timely Filed Under the Prison Mailbox Rule

As previously explained in the Court's September 29, 2016 Memorandum Opinion and

Order to Show Cause, 28 U.S.C. § 2255(f)(3) imposes a one-year statute of limitation on § 2255

motions, which begins to run, in relevant part, from "the date on which right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review."   § 2255(f)(3).   In *Johnson*,

which was decided on June 26, 2015, the United States Supreme Court recognized a new right,

which has been made retroactively applicable to cases on collateral review.   *See Welch v. United

States*, 136 S. Ct. 1257, 1265 (2016) (holding that "*Johnson* is thus a substantive decision and so

has retroactive effect under *Teague* in cases on collateral review").   Therefore, the one-year

deadline to file a § 2255 motion seeking relief under *Johnson* expired on June 27, 2016.[1]   *See*

*Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that a § 2255 "applicant has one year

from the date on which the right he asserts was initially recognized by this Court" to file a § 2255

motion").

      Pursuant to the prison mailbox rule, a prisoner's mailing "will be considered timely if

given to prison officials for mailing prior to the filing deadline, regardless of when the court itself

receives the documents."   *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005).   "However, the

inmate must attest that such a timely filing was made and has the burden of proof on this issue."

*Id.* at 1165.   An inmate may establish a timely filing under the prison mailbox rule in one of two

ways:

> (1) alleging and proving that he or she made timely use of the
> prison's legal mail system if a satisfactory system is available, or (2)
> if a legal system is not available, then by timely use of the prison's
> regular mail system in combination with a notarized statement or a
> declaration under penalty of perjury of the date on which the
> documents were given to prison authorities and attesting that
> postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations

under penalty of perjury).

      In his Motion In Response To Governments Order To Show Cause [CV Doc. 10; CR Doc.

98], Defendant attests, under penalty of perjury, that he "filed [his §] 2255 motion on June 21,

2016 at the USP Coleman mailroom at main-line (lunch hour)" by "personally hand deliver[ing]

---

[1] Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline was extended to Monday, June 27, 2016.   *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday; *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

the documents and requested priority 1st class mail."   [CV Doc. 10; CR Doc. 98]   Defendant

further attests that he "paid the postage required by the mailroom officer and marked the package

'legal mail.'"   [CV Doc. 10; CR Doc. 98]   The Court determines that Defendant's sworn

statement that he hand-delivered his § 2255 motion to prison authorities on June 21, 2016, first

class postage prepaid, cured his original failure to comply with the prisoner mailbox rule.   *See*

*Showalter v. McKune*, 299 F. App'x 827, 829 (10th Cir. 2008) (holding that the petitioner had

"cured his original failure to comply" with the prisoner mailbox rule by filing an amended

certificate of mailing) (unpublished).   Therefore, Defendant's § 2255 motion was timely filed on

June 21, 2016 and the Court's September 29, 2016 Order to Show Cause will be quashed.

**B.     Whether Defendant Is Entitled To Relief Under *Johnson***

Having determined that Defendant's § 2255 motion was timely filed, the Court will

address whether Defendant is entitled to sentencing relief under the United States Supreme Court's

holding in *Johnson*.   In *Johnson*, the Supreme Court considered whether the residual clause of the

Armed Career Criminal Act (ACCA) violates the due process clause of the United States

Constitution.   In general, the maximum term of imprisonment for a defendant convicted of being

a felon in possession of a firearm is ten years.   See 18 U.S.C. § 924(a)(2).   "But if the violator has

three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed

Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."

*Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).   The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of
> physical force against the person of another, or

> (ii) is burglary, arson, or extortion, involves use of explosives, or
> *otherwise involves conduct that presents a serious potential risk of*
> *physical injury to another;*

§ 924(e)(2)(B) (emphasis added).   Subsection (i) of the statute commonly is referred to as the

"elements clause", whereas subsection (ii) is comprised of the "enumerated offenses" of

"burglary, arson, extortion, involves use of explosives" and the "residual clause," which is the

italicized portion excerpted above.   In *Johnson*, the Court held that the residual clause "denies fair

notice to defendants and invites arbitrary enforcement by judges."   *Johnson*, 135 S. Ct. at 2557.

Therefore, "imposing an increased sentence under the residual clause of the Armed Career

Criminal Act violates the Constitution's guarantee of due process."   Id. at 2563.   Notably, the

Court clarified that its "decision does not call into question application of the Act to the four

enumerated offenses, or the remainder of the Act's definition of a violent felony."   Id.

To determine whether a prior conviction qualifies as a violent felony under § 924(e), the

Court must "use one of two methods of analysis:   the categorical approach or the modified

categorical approach."   *United States v. Madrid*, 805 F.3d 1204, 1207 (10th Cir. 2015), *overruled*

*on other grounds by Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. March 6,

2017).   "The categorical approach focuses solely on 'the elements of the statute forming the basis

of the defendant's conviction.'"   *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016)

(quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).   "[T]he modified categorical

approach applies when the statute is 'divisible'; that is, when it 'lists multiple, alternative

elements, and so effectively creates several different crimes.'"   *Madrid*, 805 F.3d at 1207

(quoting *Descamps*, 133 S. Ct. at 2285)).   "[T]he modified categorical approach permits

sentencing courts to consult a limited class of documents, such as indictments and jury

instructions, to determine which alternative formed the basis of the defendant's prior conviction.

10

The court can then do what the categorical approach demands:   compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime."   *Descamps*, 133 S. Ct. at 2281.

When faced with an "alternatively phrased statute," the first task for the court is "to determine whether its listed items are elements or means."   *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).   "'Elements' are the 'constituent parts' of a crimes legal definition—the things the 'prosecution must prove to sustain a conviction."   *Id.* at 2248.   "Means," by contrast, are "different methods of committing one offense."   *Id.* at 2254.   If the listed items are "elements," then the Court should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime."   *Id.* at 2248.   But, if instead, they are "means," then the court should apply the categorical approach, because the "ACCA . . . treats such facts as irrelevant."   *Id.* at 2253.

**1.      New Mexico Residential Burglary Is a "Violent Felony" under the Generic Definition of Burglary In § 924(e)(2)(B)(ii)**

Defendant's sentence was enhanced under the ACCA, in relevant part, on the basis of his 1984 conviction for residential burglary.   [CR Docs. 14, 43; PSR at 12]   New Mexico's burglary statute provides as follows:

> Burglary consist of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A.   Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B.   Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with

11

intent to commit any felony or theft therein is a guilty of a fourth
degree felony.

N.M. Stat. Ann. § 30-16-3.   Under subsection (A), residential burglary of a "dwelling house" is a third degree felony, whereas under subsection (B), commercial burglary of any "other structure" is a fourth degree felony.   New Mexico law provides that a third degree felony is punishable by "three years imprisonment," whereas a fourth degree felony is punishable by "eighteen months imprisonment." N.M. Stat. Ann. § 31-18-15(A)(11), (13).   Because residential burglary and commercial burglary carry different punishments, the Court concludes that New Mexico's burglary statute is divisible.   *See Mathis,* 136 S. Ct. at 2256 (noting that a statute "on its face may resolve the [divisibility] issue," because "[if] statutory alternatives carry different punishments, then under *Apprendi* they must be elements").   Therefore, the Court will examine Defendant's residential burglary conviction under the modified categorical approach.

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the United States Supreme Court held that "the generic, contemporary meaning of burglary contains at least the following elements:   an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime."   If a "state statute is narrower than the generic view . . . there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary."   *Id.* at 599.   Problems arise, however, if the state statute defines "burglary more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings."   *Id.*

In the present case, Defendant was convicted of residential burglary in violation of N.M. Stat. Ann. § 30-16-3(A), which prohibits entering "a dwelling house with intent to commit any felony or theft therein."   Under New Mexico law, a "dwelling house" is defined as "any structure,

any part of which is customarily used as living quarters."   UJI 14-1631 N.M.R.A.   A "detached

non-contiguous garage [does] not constitute a part of [a] dwelling house proper," *State v. Ross*, 665

P.2d 310, 313 (N.M. Ct. App. 1983), but a garage that is a "part of the habitation . . . [a] directly

contiguous to and a functioning part of the residence" is a "dwelling house," even if there is "no

direct access to the interior of the house from the garage," *State v. Lara*, 587 P.2d 52, 53 (N.M. Ct.

App. 1978).   Because New Mexico "residential burglary" requires the unlawful entry of a

structure with intent to commit a crime therein, the Court concludes that it falls within the generic

definition of burglary. Therefore, Defendant's conviction of residential burglary is a "violent

felony" under the enumerated offense of burglary in § 924(e)(2)(B)(ii).

**2.      New Mexico Aggravated Battery (Deadly Weapon) Is A "Violent Felony" Under The Elements Clause In § 924(e)(2)(B)(i)**

Defendant's sentence also was enhanced under the ACCA based on his prior 1991 New

Mexico conviction for aggravated battery with a deadly weapon.   [CR Docs. 14, 43; PSR at 12]

New Mexico's aggravated battery statute provides as follows:

> A.   Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injury that person or another.

> B.   Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

> C.   Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

N.M. Stat. Ann. § 30-3-5.   Because aggravated battery with a deadly weapon under subsection

(C) is a third degree felony punishable by three years imprisonment, *see* N.M. Stat. Ann. §

13

31-18-15(A)(11), whereas aggravated battery with no great bodily harm under subsection (B) is a misdemeanor punishable by less than one year of imprisonment, *see* N.M. Stat. Ann. § 31-19-1(A), the Court concludes that the statute is divisible into these two subsections.   *See Mathis,* 136 S. Ct. at 2256 (noting that a statute "on its face may resolve the [divisibility] issue," because "[if] statutory alternatives carry different punishments, then under *Apprendi* they must be elements").   However, the Court determines that subsection (C) itself is not further divisible, because it specifies three alternative means of committing the offense of third degree felony aggravated battery, namely, by committing battery:   (1) inflicting great bodily harm; (2) using a deadly weapon; or (3) in any manner whereby great bodily harm or death can be inflicted.   N.M. Stat. Ann. § 30-3-5(C).   Therefore, although the record indicates that Defendant used a deadly weapon during the commission of the offense of aggravated battery, the Court will examine subsection (C) in its entirety to determine whether it falls within the "elements clause" of § 924(e)(2)(B).

The phrase "physical force" in the "elements clause" of § 924(e)(2)(B) "means *violent* force—that is, force capable of causing physical pain or injury to another person."   *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).   Under New Mexico law, "[a]ggravated battery consists of the unlawful touching or application of force to the person of another with intent to injury that person or another."   N.M. Stat. Ann. § 30-3-5(A).   To constitute a violation of subsection (C), the defendant must commit aggravated battery, in relevant part, by inflicting great bodily harm or acting in any manner whereby great bodily harm or death can be inflicted.   § 30-3-5(C).   The term "great bodily harm" is defined as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results

14

in permanent or protracted loss or impairment of the function of any member or organ of the body."   N.M. Stat. Ann. § 30-1-12(A).   The Court concludes that an aggravated battery that causes great bodily harm or an aggravated battery committed in a manner whereby great bodily harm or death can be inflicted, necessarily involves "force capable of causing physical pain or injury to another person."   *Johnson*, 559 U.S. at 140.

Turning to aggravated battery with a deadly weapon, the Court notes that New Mexico law defines a "deadly weapon" as follows:

> any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm, including but not restricted to any types of daggers, brass knuckles, switchblade knives, bowie knives, poniards, butcher knives, dirk knives and all such weapons with which dangers cuts can be give, or with which dangerous thrusts can be inflicted, including swordcanes, and any kind of sharp pointed canes, also slingshots, slung shots, bludgeons; or any other weapons with which dangerous wounds can be inflicted

N.M. Stat. Ann. § 30-1-12(B).   The defendant must use the deadly weapon during the commission of the offense of aggravated battery.   *See* UJI 14-322 N.M.R.A. (requiring the jury to find that Defendant "used" a deadly weapon).

In *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), the United States Court of Appeals for the Tenth Circuit considered whether aggravated assault in violation of N.M. Stat. Ann. § 30-3-2(A) is a "crime of violence" under the "elements clause" of U.S.S.G. § 2L1.2(b)(1)(A)(ii), which is virtually identical to the "elements clause" in the ACCA.   The Tenth Circuit noted that the "key element of aggravated assault under N.M. Stat. Ann. § 30-3-2(A)" is "that the assault is committed with a deadly weapon."   *Id.* at 1249.   The Tenth Circuit further noted that, to be convicted of aggravated assault under New Mexico law, "the perpetrator . . . must employ the deadly weapon in committing the assault" and a deadly weapon is defined as "'any

firearm . . . ; or any weapon which is capable of producing death or great bodily harm . . .; or any other weapons with which dangerous wounds can be inflicted.'"   *Id.* at 1250 (quoting N.M. Stat. Ann. § 30-1-12(B)).   The Tenth Circuit determined that "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force i.e., 'force capable of causing physical pain or injury to another person.'" *Id.* at 1250 (quoting *Johnson*, 559 U.S. at 140).   Therefore, the Court "conclude[d] that aggravated assault with a deadly weapon under N.M. Stat. Ann. § 30-3-2(A) is a crime of violence under the "elements clause" of U.S.S.G. § 2L1.2.   *Id.*

The Court concludes that the Tenth Circuit's reasoning in *Maldonado-Palma* is applicable to the crime of aggravated battery with a deadly weapon under N.M. Stat. Ann. § 30-3-5(C), because employing a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in a battery necessarily threatens the use of violent force, i.e., "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140.   Accordingly, aggravated battery with a deadly weapon in violation of § 30-3-5(C) is a "violent felony" under the elements clause of § 924(e)(2)(B).

**3.**   **Any Error Was Harmless**

The PSR lists Defendant's 1985 New Mexico conviction for escape from an inmate release program as the third predicate violent felony for the ACCA enhancement.   [PSR at 12]   The Superseding Indictment and the plea agreement, however, list the following additional felony convictions for the third predicate offense:

> (1) Residential Burglary, Second Judicial District Court, State of New Mexico, Criminal Cause 82-34842; (2) Receiving a Stolen Vehicle, Second Judicial District Court, State of New Mexico, Criminal Cause 84-36922 . . . (6) Auto Burglary, Second Judicial

16

> District Court, State of New Mexico, Criminal Cause 96-1523; (7)
> Receiving or Transferring a Stolen Vehicle, Second Judicial District
> Court, State of New Mexico, Criminal Cause CR 96-02189; and (8)
> Receiving or Transferring a Stolen Vehicle, Second Judicial District
> Court, State of New Mexico, Criminal Cause CR 97-02894.

[CR Doc. 14 at 5; CR Doc. 43 at 4]   The Court need not determine whether Defendant's New

Mexico convictions for escape from an inmate release program, receiving a stolen vehicle, auto

burglary, and receiving or transferring a stolen vehicle constitute violent felonies under the ACCA,

because for the reasons explained above, Defendant's New Mexico conviction for residential

burglary in Criminal Cause No. 82-34842 constitutes a valid third predicate conviction for the

ACCA enhancement.

To be entitled to relief under § 2255, the Court must harbor "grave doubt" about whether

the claimed error had a "substantial and injurious effect or influence" on Defendant's sentence.

*O'Neal v. McAninch*, 513 U.S. 432, 436 (1995); *see also United States v. Rivera*, 347 F.3d 850,

852 (10th Cir. 2003) ("In evaluating convictions on collateral review, the harmless error inquiry is

whether the error had substantial and injurious effect or influence in determining the jury's

verdict."); *United States v. Hicks*, No. 14-CR-00549-EMC-1, 2016 WL 5672949, at *3 (N.D. Cal.

October 3, 2016 ) (noting that "numerous courts have applied harmless error analysis to *Johnson*")

(unpublished).   In the present case, the Court has no doubt that Defendant's sentence would have

been the same, regardless of whether Defendant's other New Mexico convictions fall within the

residual clause definition of a "violent felony" in § 924(e)(2)(B)(ii), because Defendant's two

prior convictions of New Mexico residential burglary each qualify as a "violent felony" under the

"enumerated offenses" in § 924(e)(2)(B)(ii) and Defendant's prior conviction of New Mexico

aggravated battery with a deadly weapon qualifies as a "violent felony" under the "elements

clause" in § 924(e)(2)(B)(i).   *Cf. United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir.

2006) ("Harmless error is that which did not affect the district court's selection of the sentence imposed").   Indeed, this Court dismissed Defendant's first § 2255 motion, which challenged, in relevant part, the enhancement of his sentence under the ACCA, because "[b]urglary is an enumerated violent felony, and Mr. Sedillo has two convictions for residential burglary" and "Mr. Sedillo also has a conviction for aggravated battery with a deadly weapon," which is "a violent felony under the ACCA" because it "has an element the use . . . of physical force against the person of another."   [CR Doc. 79 at 20 (Magistrate Judge Lourdes A. Martinez's Proposed Findings and Recommended Disposition); *see also* CR Doc. 83 (Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition)].   Therefore, the Court concludes that Defendant plainly is not entitled to relief under *Johnson* and his § 2255 motion will be dismissed with prejudice.

**C.**     **A Certificate of Appealability Will Be Denied**

For the reasons explained above, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Therefore, the Court will deny a certificate of appealability.

**III.**     **CONCLUSION**

The Court concludes that Defendant's § 2255 motion was timely filed under the prison mailbox rule, but that he is not entitled to relief under *Johnson* because his two New Mexico convictions for residential burglary each qualify as a "violent felony" under the "enumerated offense" of burglary in § 924(e)(2)(B)(ii) and his New Mexico conviction for aggravated battery with a deadly weapon qualifies as a "violent felony" under the "elements clause" of §

18

924(e)(2)(B)(i).

      **IT IS THEREFORE ORDERED** that the Court's September 29, 2016 Order To Show Cause [CV Doc. 5; CR Doc. 94] is **QUASHED**;

      **IT IS FURTHER ORDERED** that Defendant's § 2255 motion [CV Doc. 5; CR Doc. 94] is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and judgment will be entered.


_____
CHIEF UNITED STATES DISTRICT COURT JUDGE